# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00506-CV

**The State of Texas, et al., Appellants**

**v.**

**Essentially Yours Industries, Inc. a/k/a Essentially Yours Corp.
a/k/a Burrard Capital, Inc. a Foreign Corporation, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. D-1-GV-03-004180, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a take-nothing judgment, following a bench trial, in a suit by the State of Texas and approximately 170 other governmental entities to recover delinquent state and local sales taxes allegedly owed by Essentially Yours Industries, Inc. (EYI, Inc.). The district court made findings of fact and conclusions of law to the effect that the taxes were not owed by EYI, Inc., but instead should have been assessed against EYI, Inc.'s corporate parent, Essentially Yours Industries, Corp. (EYI, Corp.). In a single issue, appellants contend that the evidence was legally and factually insufficient to support the district court's findings that EYI, Inc., was not the correct taxpayer. Because we conclude that the evidence was sufficient to support the finding, we affirm the district court's judgment.

EYI, Inc., had been incorporated in Nevada on March 26, 1996, as a wholly owned subsidiary of EYI, Corp. EYI, Corp., EYI Inc.'s parent company, had been formed in

British Columbia, Canada, on December 14, 1995. EYI, Corp., was a network marketing business, similar in structure to Amway, that marketed health and wellness products through independent distributors in Canada and the United States.[1] The district court heard evidence that during the audit period at issue—July 1, 1998, through June 30, 2001—EYI, Corp., made sales to Texas customers through distributors located in Texas (and was, therefore, responsible for collecting and remitting sales tax) while EYI, Inc., was a shell corporation that had no sales activity in Texas.

Karen Riggs conducted the audit for the comptroller between July 30, 2001, and July 2, 2002.[2] When she began the audit, Riggs mailed an audit questionnaire addressed to EYI, Inc. At the time of trial, Donna Keay was an officer of EYI, Inc., who prepared the company's financial statements and oversaw its accounting. During the audit period, however, Keay had been the controller for EYI, Corp. Keays completed and returned the audit questionnaire that Riggs had addressed to EYI, *Inc.*, with information regarding EYI, *Corp*. The completed questionnaire listed the taxpayer name and address as EYI, Corp., 201-8322 130th Street, Surrey BC V3W 8J9, and listed the taxpayer identification number 1-860860700-0. Although Keay listed Nevada as the state of incorporation, she testified at trial that this was a mistake and that the correct place of incorporation

---

[1] EYI, Corp.'s sales activities ceased in 2002. In June 2002, EYI, Inc., merged with Burrand Capital, Inc. After the merger, Burrand Capital, Inc. changed its name to Essentially Yours Industries, Inc., a separate entity from the original EYI, Inc. The new EYI, Inc., was assigned a new taxpayer identification number. Once the merger had been completed, EYI, Corp., ceased all sales activity. These events occurred after the audit period ended on June 30, 2001, and have no effect on the analysis in this case.

[2] Riggs had completed an audit of EYI, Inc., for the immediately preceding period. The prior audit is not at issue in this case.

for EYI, Corp., was British Columbia, Canada. The district court heard evidence that, as the audit proceeded, Keay continued to provide information regarding EYI, Corp.

On July 25, 2002, after Riggs had completed the audit, the comptroller issued a Texas Notification of Audit Results to EYI, Inc., showing a total audit deficiency of $160,278.98. On October 9, 2003, appellants filed suit against EYI, Inc., to collect the audit deficiency. Following a bench trial on June 11, 2007, the district court, as noted, entered a take-nothing judgment in favor of EYI, Inc.

In a single point of error, appellants argue that the evidence was legally and factually insufficient to support the district court's finding that EYI, Inc., was not the same taxpayer who had been audited. While conceding that it had the burden of proving that EYI, Inc., was the correct taxpayer, appellants contend that the "overwhelming" evidence at trial showed that EYI, Inc., was the taxpayer that had been audited and ultimately sued by appellants.[3]

When a party challenges the legal sufficiency of the evidence supporting an adverse finding on an issue on which it has the burden of proof, that party must demonstrate on appeal that

---

[3] According to appellants:

> Since the Defendant denied that it was the same entity that the Texas Comptroller identified and audited as the taxpayer, it was the State's burden to prove that "Essentially Yours Industries, Inc.," was the correct taxpayer. If the trial court judge had agreed with the State, and determined that the defendant was the same taxpayer that was audited by the Texas Comptroller, then the burden was on the defendant to prove, by conclusive evidence, that the Comptroller's determination of tax due was incorrect.

The Comptroller's determination of tax due, or liability, is not at issue in this appeal. The sole issue to be determined is whether EYI, Inc., is the correct taxpayer.

3

the evidence conclusively established, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). In conducting a legal sufficiency review of the evidence, a court must consider all of the evidence in the light most favorable to the fact finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005).

When a party attacks the factual sufficiency of an adverse finding on an issue on which he has the burden of proof, he must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). The court of appeals must consider and weigh all of the evidence, and can set aside a finding only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.*

As they had the burden of proof at trial, appellants must show either that the evidence conclusively establishes as a matter of law that EYI, Inc., was the correct taxpayer or that this finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *See Dow Chem. Co.*, 46 S.W.3d at 241.

The following evidence supports the district court's finding that EYI, Corp., not EYI, Inc., was the taxpayer audited by Riggs for the July 1, 1998 through June 30, 2001 audit period:

- Keay completed and returned the audit questionnaire, referring to the taxpayer as EYI, Corp., and listing EYI, Corp.'s taxpayer identification number as 1-860860700-0.

- Franchise tax returns had been filed for tax years 2000 and 2001 in the name of EYI, Corp., 201-8322 130th Street, Surrey BC V3W 8J9, taxpayer identification number 1-860860700-0. No franchise tax returns had been

4

filed for EYI, Inc. Riggs, the State's witness, testified that if EYI, Inc., had any sales activity during the audit period, it should have, likewise, been filing franchise tax returns. There was no evidence that any franchise tax return had ever been filed by EYI, Inc. In a letter dated January 26, 1999, the comptroller informed Dennis Mee, CFO of EYI, Corp., that EYI, Inc., had not filed franchise tax returns.

- In response to Riggs's request for information needed to complete the audit, Keay sent a fax to Riggs on behalf of EYI, Corp., attaching EYI, Corp.'s product list. There was no reference to EYI, Inc.

- A letter from Keay to Riggs on July 12, 2001, confirmed their meeting on July 30 and 31 and referred to EYI, Corp., as the taxpayer.

- Riggs designated the taxpayer as EYI, Corp., in the audit plan she prepared.

- The electronic funds transfer form completed by EYI, Corp., allowing it to transfer funds electronically to the comptroller, listed EYI, Corp., taxpayer identification number 1-860860700-0, as the taxpayer.

- The employer identification number on EYI, Corp.'s federal income tax returns for tax years 2000 through 2002 was 860860700. Riggs testified that the permanent Texas taxpayer identification number is the federal income tax number with the number one added to the front and a zero added to the end.

Attempting to controvert this evidence, appellants refer us to monthly sales tax returns reporting sales under the name of EYI, Inc. These forms were mailed to the taxpayer with the name "EYI, Inc." preprinted on the forms by the comptroller. According to Keay, she simply "didn't notice" that the name was incorrect when she completed and returned the forms. Further, the forms actually entered into evidence as exhibits are *not* from the audit period. These forms and the related testimony comprise the totality of appellants' evidence that could arguably support their position.

5

There was evidence of confusion on both sides as to which entity—EYI, Inc., or EYI, Corp.—was being audited. At the heart of the matter is which entity was assigned taxpayer identification number 1-860860700-0, which was the number designated on all forms and correspondence. The parties agree that this was the identification number of the taxpayer who was audited but disagree as to whether this number belonged to EYI, Inc., or to EYI, Corp. The confusion arose due to a name discrepancy which, according to the testimony, neither party noticed. When Riggs was questioned about the comptroller's procedures for addressing such name discrepancies, she testified that if an auditor notices an inconsistency, he simply changes or corrects the name in the system. Here, despite the inconsistencies, neither party noticed the problem, and the problem was never corrected. Although Riggs agreed that "it [is] important to the Comptroller to have a consistent name so that they know who they're dealing with" and concedes that there were documents referring to both EYI, Inc., and to EYI, Corp., and that "it would be the responsibility of the Comptroller's office, as the State agency that administers the sales tax, to get at the correct taxpayer name with the taxpayer number," the comptroller's office neither noticed nor corrected the problem.[4]

There was legally and factually sufficient evidence that EYI, Corp., was the entity with sales activity in Texas, the entity with taxpayer identification number 1-860860700-0, and the proper taxpayer. In fact, Riggs agreed that "if Ms. Keay testifies that Corp., was the entity that was

---

[4] According to Riggs's testimony, the taxpayer's name could have been corrected at any time during the audit period. Similarly, even after EYI, Inc., asserted its argument that it was not the correct taxpayer, there is no evidence of any attempt by appellants to correct or amend their petition to add EYI, Corp., as a defendant.

making the sales in Texas and was the entity that should be associated with Taxpayer No. 186, [Riggs] would have no evidence to refute that." The only probative evidence offered by the State—the forms with the preprinted name of EYI, Inc.—is insufficient to meet appellants' high burden of showing that the evidence conclusively proves that EYI, Inc., was the audited taxpayer or that the district court's contrary findings were against the great weight and preponderance of the evidence. *See Dow Chem. Co.*, 46 S.W.3d at 241.

Appellants further argue that, even if the evidence was legally and factually sufficient to support the finding of the district court that EYI, Inc., was the audited entity, EYI, Inc., is estopped from denying that it was the entity in question because:

> (1) it knowingly misrepresented itself as the taxpayer or concealed the fact that Essentially Yours Industries, Corp., was the entity that transacted business in Texas; (2) the Comptroller was without knowledge, or means of knowledge, of that fact; (3) EYI, Inc., intended for the Comptroller to believe it was the taxpayer making the taxable sales in Texas and intended for the Comptroller to assess the audit liability against it; and (4) the Comptroller relied upon the representation to its prejudice.

As discussed above, the district court heard evidence that both sides may have been confused as to which entity—EYI, Inc., or EYI, Corp.—was being audited and that neither party noticed this discrepancy while the audit was being conducted. On this record, we cannot conclude that appellants have met their burden of conclusively establishing the elements of estoppel or that the district court's contrary findings are against the great weight and preponderance of the evidence.

Because we find the evidence legally and factually sufficient to support the district court's finding that EYI, Inc., was not the correct taxpayer, we overrule appellants' point of error and affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   August 22, 2008